## Peters against Heasley.

The provisions of the fourth section of the act of 13th March 1815, which cure all defects in the form of sales of unseated lands for taxes, are as applicable to sales made by the treasurer to the commissioners, as to individuals. The fact that the commissioners bid more for the land than the amount of taxes and cost, would not render the sale and conveyance to them invalid.

ERROR to the district court of *Venango* county.

Richard Peters against Henry Heasley and others. Ejectment for 1000 acres of land.

The plaintiff exhibited a regular legal title from the commonwealth for the land in dispute. The defendants relied upon, and gave in evidence, a title derived from a treasurer's sale of the land as unseated, for the payment of taxes, which sale was made to the commissioners. Upon the trial the plaintiff contended, that the provisions of the fourth section of the act of 13th March 1815, which dispense with the necessity of making proof of all the prerequisites to a sale by the treasurer, and cure all defects therein, are not applicable to a sale to the commissioners, and therefore objected to every part of the evidence offered, which did not conform precisely with the act of assembly. It appeared also, that the amount of the taxes and costs, for which the land was sold, amounted to 8 dollars 87 cents, and the sale list also showed that it was struck down to the commissioners for that sum; but the consideration mentioned in the deed to the commissioners was 9 dollars 87 cents. The plaintiff therefore contended, that this vitiated the sale, as the commissioners had no power to bid a sum exceeding the amount of the taxes and costs.

*Thompson,* president, overruled all objections to the evidence, and instructed the jury, that the fourth section of the act of 13th March 1815, applied as fully to sales made to the commissioners as to individuals, and therefore it was not necessary to establish by proof, all the prerequisites to a sale of unseated lands for taxes; and the fact of the recital of the consideration in the deed, exceeding the amount of the taxes and costs, was rather attributable to an error in drawing the deed than to a violation of the act of assembly; but in either case it would not vitiate the sale: and directed the jury to find a verdict for the defendants.

*Pearson,* for plaintiff in error, cited 16 *Serg. & Rawle* 286.
*Galbreath* and *Riddle,* for defendant in error, cited 1 *Watts* 477.

The opinion of the court was delivered by

Huston, J.—After a series of decisions on the construction and effect of the act of 13th March 1815, from 13 *Serg. & Rawle*, &c., to this time, we are asked in this case to. reconsider them all, to go back to the earliest decisions, and decide that unless the purchaser can show at the trial that every direction and requisite of the law has been punctually complied with, the purchaser has no title. The act of 1815, was framed expressly to dispense with such proof, and it has been so repeatedly decided, that after two years allowed by the act within which an owner might redeem, all proof of any more than that a tax was assessed and a sale made was unnecessay, that we had a right to suppose the matter at rest.

It is, however, understood, that this case was supposed to differ from most of those decisions, in this, that they were (with two exceptions) sales by the treasurer directly to a purchaser, under the first four sections of the act; whereas, in this case, the land was first sold to the commissioners of the county, and not being redeemed by the owner within five years, it was by them sold to the defendants, under the following sections of the act, which will be presently cited.

" § 5. If any tract of unseated land, hereafter to be sold for taxes due at this time or which shall hereafter be imposed, shall not have bidden for it a sum equal to the whole amount of taxes for which it shall have been advertised, and the costs accrued, then, and in that case, it shall be the duty of the commissioners of the proper county, or any of them, to bid off the same, and a deed shall thereupon be made by the treasurer to the commissioners for the time being, and to their successors in office, to and for the use of the proper county; and it shall be the duty of the commissioners to provide a book wherein shall be entered, the name of the person as whose estate the same shall have been sold, the quantity of land and the amount of taxes it was sold for, and every such tract of land shall not thereafter, so long as the same shall remain the property of the county, be charged in the duplicates of the proper collector; but for five years next following such sale, if it shall so long remain unredeemed, the commissioners shall, in separate columns, in the same book, charge every such tract of land, with reasonable county and road tax, according to the quality of the said land, not exceeding in any case the sum of 6 dollars for every hundred acres.

" § 6. The right of redemption shall remain in the real owner of such land for five years after such sale, and on paying the treasurer all the taxes and costs due thereon to the time of sale, and interest thereon for the same time, and also the taxes which have been assessed thereon, from year to year, after the sale, and interest on each assessment from the time when it ought to have been paid, and on the production of the treasurer's receipt, the commissioners shall, by deed poll endorsed on the back of the treasurer's deed to

them, convey to the person who shall have been the owner of the land at the time of sale, or his legal representatives, all the right and title which the county may have acquired under such deed; and then directs the commissioners to pay over the said taxes to the proper township.

"§ 7. If the owner of such land shall not redeem the same within the period aforesaid, it shall therefore be lawful for the commissioners to sell any such land by public sale, and make a deed therefor to the purchaser, which shall be available in law, as well against the county as against the person or persons as whose estate the same shall have been sold. But no tract shall be sold for a less sum than the amount of taxes and costs, and interest which shall be due at the time of such sale by the commissioners;" such land to be assessed and taxed thereafter as other lands.

Section 20 gives the form of the deed to be made by the treasurer to the commissioners; in it is to be recited, that no person having bid the amount of taxes and costs, the commissioners duly required them to buy the same, &c., &c..

Some modifications of this law have been since enacted. By the act of 18th March 1817, commissioners are not bound to buy, if no other person bid the amount of taxes and costs; it is discretionary with them whether to purchase or not.

By the act of 29th March 1824, sect. 1, the commissioners are authorized to sell the whole or any part of a tract purchased by them, for the best price which is bidden for the same, on its being duly advertised, after it has been unredeemed for five years. Section 2 again authorizes them to make a deed to the purchaser, in fee simple, "and such deed, after being acknowledged before a justice of the peace of the proper county, is hereby declared to be good and valid, to all intents and purposes, for such title as said commissioners had a right to convey."

The law as it stood had been found a great evil. The sale might have been perfectly regular, every thing required by the law might have been strictly performed, and yet after the lapse of a few years this could not be all proved in court, and the result was that many refused to pay their taxes on unseated lands; if sold, they waited until the purchaser had rendered them valuable by improvements, and then took the land and improvements. The act of 1815 was passed to remedy the evil. To give the landholder time, no land was to be sold except for taxes assessed a year before the sale. To prevent surprise, the law directed the sales to be once in two years, and prescribed the day of sale. Still further, to leave him without excuse, it allowed two years after the sale within which to redeem the land sold, and that he might not allege that he could not find the purchaser, he was to redeem by paying the taxes, costs and interest to the treasurer of the county. If the treasurer refused to receive the same, or if the owner had paid the taxes before the sale, he might recover his lands, "but in no other case, and on no

[Peters v. Heasley.]

other plea should an action be sustained;" and again, "no alleged irregularity in the assessment, or in the process or otherwise, shall be construed or taken to affect the title of the purchaser, but the same shall be taken to be good and legal."

These provisions extend in terms to all sales made by the county treasurer, without any reference to who might be the purchaser. But it was foreseen, that until a construction was put on this law, some owners would still neglect to pay; and it was supposed that some tracts of unseated land were of such quality as not to be worth the taxes; and in the sections cited, provision is made for such cases. There was, however, no intention, that the county should become a speculator, and it would not buy if any other person bid the amount of taxes and costs. It was also known, that lands supposed to be worthless at the sale, might, by the progressive settlement of the country or of improvements, or the discovery of minerals be found to be of value, and where the county had purchased, the term for redemption by the former owner was extended to five years, after which the county could sell; it cannot be imagined that it was intended in such case, that the county got no title by its deed, for that was found to be the case under former laws, or that he who purchased from the county, should be liable to be evicted at any time, unless he could preserve all the evidence of the proceeding. This matter has already been before this court, Foster *v.* Huston, 1 *Watts* 477. The first two errors assigned in that case were:—

1. Under the acts of assembly, it required a specific case before the commissioners could purchase, and it lies upon them to show that that case had occurred, before the deed to them could be received in evidence.

2. When a deed is made by the commissioners, it must be supported by all the prerequisites of the act of assembly; it is not embraced by the terms of the act of 1815. That only applies to sales by the treasurer. The sale by the treasurer, and that by the commissioners were in that case held valid. The first sections of the act were decided to extend to all sales for taxes made by the treasurer, and the fifth and following sections only extended the time of redemption. The five years having expired, the commissioners were considered as the absolute owners, and like all absolute owners, able to sell; but being trustees for the county, were to sell at public sale. Their deed is not to be acknowledged in open court as that of treasurer, but before a justice as the deed of any other owner of the fee. In the case cited page 479, the chief justice says, if the land sold to the commissioners is not redeemed within five years, the deed of the treasurer vests in them a title indefeasible, if so their deed to a purchaser must vest the same title in him.

Another objection taken in this case is, that the commissioners bid more than the amount due for taxes and costs: first, this does

[Peters v. Heasley.]

not clearly appear in the book, which the law directs them to keep, and in the treasurer's sale book, the sum bid was 8 dollars and 87 cents, the precise amount of taxes and costs; in drawing the deed, the price inserted is 9 dollars and 87 cents, probably by mistake.

And secondly, it does not avoid the sale if more is bid by the commissioners. The act does not limit them to the precise amount, nor state or imply that more being bid shall avoid the sale. A mistake of the precise sum due, made by the commissioner who bids, is not an injury to the owner, nor advantage to the county. When the owner comes to redeem, he is bound to pay, not the sum bid, but the amount of taxes and costs due when it was sold, and taxes since accruing and interest, as is prescribed by the act of assembly.

Judgment affirmed.