# SUPERIOR COURT.

## SPRING SESSIONS.

## 1870.

The State for the use of MARGARET CANNON *v.* JOHN E. SPICER et al.

THE court will not on motion strike out the plea of *nul tiel* record when joined with the plea of tender to a *scire facias* on a recognizance in the Orphans' Court, but will allow the writ to be amended to avoid material variance between it and the record of the recognizance after the jury is sworn.

In such case the direct offer of the share due on the recognizance to the party entitled by the recognizor in a roll of legal tender notes held out in his hand at the time, without stating the amount of them, and peremptorily refused by the other party without inquiring the amount of the money offered, constituted a good and sufficient tender in law.

THIS was a *scire facias* on a recognizance in the Orphans' Court in and for Sussex County, to recover for the use of Margaret Cannon her share of the value of the intestate real estate of her mother which had been thereupon assigned in that court to John E. Spicer, the recognizor in it.

*Wright,* for the plaintiff, called the attention of the court to the pleadings upon the record, which were first, *nul tiel record,* and second, tender by the defendant of the amount due her upon the recognizance, and asked the court to strike out the first because it was inconsistent and could not properly be joined with the second plea. 1 *Ch. Pl.* 562.

*The Court* overruled the motion.

Proof was made that Margaret Cannon was one of the children and heirs at law of the intestate, and was entitled to the one seventh share or part of the sum secured to be paid by the recognizance, the record of which was then offered in evidence.

*Layton*, for the defendant, objected to its admissibility on the ground of a material variance between it and the recognizance alleged and set out in the *scire facias*. As alleged in the writ, the date of it was March 10th 1863, but on the record it bore date March 11th, 1863 ; and the amount of the principal sum alleged to be due and payable in the former was $2175., whilst in the latter it was stated to be $2175.70 payable with interest on or before the 11th day of March 1864, instead of the 10th day of March in that year, as alleged in the former.

*Wright*, then asked the leave of the court to amend the writ forthwith by the record offered so as to conform to it in each of the particulars mentioned and cited. *Rev. Code*, chap. 112, *Secs.* 10, 11, *p.* 407.

*The Court* granted the leave to amend.

Her share amounted, principal and interest, on the 11th day of March 1864, to $329.50, and on that day the defendant tendered to her the amount in legal tender notes in the presence of a witness who had carefully examined and counted it but a moment before. The notes were in a roll in his hand when he walked up to where she was sitting and offering them said to her, " Miss Cannon here is the amount of money due to you under the recognizance from your mother's land," to which she replied " I shant take it," and said no more. The amount of which was afterward duly deposited in this court.

*Cullen*, for the plaintiff. The tender proved was not sufficient, because he should have also stated to her the amount of the money then offered to her by him. He should have stated, at least, the amount of the money contained in the roll of notes held in his hand when he tendered them to her in full satisfaction of the principal and interest then due her upon the recognizance; and it was not a sufficient tender without that, at least. 2 *Greenl. Ev. sec.* 602. *Alexander v. Brown*, 11 *E. C. L. R.* 395.

*Layton*, for the defendant. The party to whom the tender was made well knew the amount of money in his hand when it was offered, and, therefore, made no inquiry concerning it; but abruptly and peremptorily refused to take it without assigning any reason for it, or asking for any information about it, which dispensed with the necessity of the defendant's saying any thing more to her concerning the money or the offer, and under the circumstances proved constituted it a sufficient tender in law. 2 *Greenl. Ev. sec.* 603. 2 *Stark. Ev.* 1067. 2 *Dall.* 190. 4 *Dall.* 325. 5 *Esp.* 48. 3 *T. R.* 684. 12 *E. C. L. R.* 35. 2 *Wash.* 142. 8 *Cow.* 88. She was to be presumed to know quite as well as the defendant, the exact amount then due her upon the recognizance, for it was a public record of the Orphans' Court, and, as had been proved, the tender was made to her in the court room where the record then was.

*Wright* replied.

*The Court, Gilpin, C. J., charged the jury.* That as there was no dispute between the counsel as to the evidence, or the facts proved before them, or that the amount of money produced and in the hand of the defendant when he formally offered it to the party for whose use the suit was brought, was the amount of principal and interest then properly due to her on the recognizance, the court would

say to them that it was a good and sufficient tender in law, and would bar.her of her right to recover now any more than that amount, or any interest on her share of the recognizance since that date.