# Ellis *v.* Houseknecht, Appellant.

*Taxation—Unseated lands—Assessment and levy—Tax sale—Acts of April 3, 1804, 4 Sm. L. 201, March 13, 1815, 6 Sm. L. 299, April 15, 1834, P. L. 509, June 6, 1887, P. L. 363, and June 4, 1901, P. L. 364.*

1. To sustain a tax title for unseated lands there must be an assessment, a tax lawfully levied, the tax must be due and unpaid for one year, a regularly conducted sale, and no redemption.

2. Whenever an assessment for taxes against unseated land has been properly made and returned into the county commissioner's office, and the rate fixed by the county commissioners, the taxes become due, and if, from the date of the return of the assessment and the levy, there has been one whole year prior to the sale by the county treasurer, such sale is good and vests a legal title in the purchaser.

3. The placing of a tax duplicate in the county treasurer's hands does not fix the time when the taxes become due and payable. It is the assessment that makes the tax, and when assessed they are due and payable. The word "collectible" used in the Act of June 6, 1887, P. L. 363, does not change the time when a tax becomes due and payable.

Argued Feb. 25, 1914. Appeal, No. 8, Feb. T., 1914, by defendants, from judgment of C. P. Lycoming Co., Dec. T., 1912, No. 294, for plaintiff on case stated in suit of W. H. Ellis v. Hervey Houseknecht et al. Before RICE, P. J., HENDERSON, HEAD, PORTER, KEPHART and TREXLER, JJ. Affirmed.

Case stated to determine title to real estate. Before WHITEHEAD, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was judgment for plaintiff on case stated.

*G. B. Metzger*, for appellants, cited: Dietrick v. Mason, 57 Pa. 40; Breisch v. Coxe, 81 Pa. 336.

*Otto G. Kaupp*, for appellee, cited: Laird v. Hiester, 24 Pa. 452; McReynolds v. Longenberger, 57 Pa. 13; Miller v. Hale, 26 Pa. 432; Heft v. Gephart, 65 Pa. 510.

OPINION BY KEPHART, J., April 20, 1914:

This was an action of ejectment brought by W. H. Ellis, against Hervey Houseknecht and others. The plaintiff claims title by virtue of a tax sale for a piece of land located in Jordan township, Lycoming county. The facts were agreed upon by the parties in the nature of a special verdict and the ones material to the question raised may be summarized as follows:

The county commissioners delivered the assessment books to the assessor for Jordon township on April 1, 1909. These books were returned on May 3, 1909, containing therein the assessment of the defendants' property in the unseated list. On April 16, 1909, the county commissioners, by proper resolution, made their tax levy. The tax duplicate or tax warrant for the collection of taxes on unseated lands was certified to the county treasurer on September 30, 1909, and on June 13, 1910, the county treasurer sold the land for the unpaid taxes for the year 1909. Was the tax title valid?

To sustain a tax title for unseated lands there must be an assessment, a tax rate lawfully levied, the tax must be due and unpaid for one year, a regularly conducted sale and no redemption.

The irregularity of the delivery to the assessor and the return of the assessment books was not urged as a reason for holding the sale void. These irregularities would not cause a tax sale to be void if there was, in fact, an assessment of real estate upon which the tax levied would attach: Hess v. Herrington, 73 Pa. 438; Gamble v. Central Pennsylvania Lumber Co., 225 Pa. 288. The triennial assessment having been made in 1907, it should be carried forward to the year 1910 by the county commissioners. The return of the assessor's books was made May 3, 1909. There was then an assessment one full year before the sale: Central Pennsylvania Lumber Co.'s App., 232 Pa. 191; Gamble v. Central Pennsylvania Lumber Co., 225 Pa. 288.

Section 7 of the Act of April 15, 1834, P. L. 509,

provides that the county commissioners shall assess the tax rate for the ensuing year.

The Act of June 4, 1901, P. L. 364, does not make taxes on unseated land a lien from the date of the assessment. "The act of 1901 makes no adequate provision for filing or enforcing a lien for taxes on unseated lands, and if it repeals the former legislation regulating the subject, neither a lien for such taxes nor its enforcement is provided for, nor is there any provision in the act for the sale of unseated lands for the payment of taxes:" Long et al. v. Phillips, 241 Pa. 246; Day v. Swanson, 236 Pa. 493.

The Act of April 3, 1804, 4 Sm. L. 201, and the Act of March 13, 1815, 6 Sm. L. 299, provide a complete system for the sale of unseated lands for unpaid taxes. While it is not written in these two acts of assembly that taxes on unseated lands are a lien, it has been so considered by the courts since the passage of these acts, and the lien thus created is enforced through sale by the act of March 13, 1815: Owens v. Vanhook, 3 Watts, 260.

Is the tax due and payable from the date of its levy or assessment? The appellants contend that inasmuch as this tax had not been certified for collection into the hands of the county treasurer until September 30, 1909, within one year of the date of sale, that this sale is void, and that the placing of the tax duplicate in the county treasurer's hands fixed the time when the taxes became due and payable.

Section 1 of the Act of June 6, 1887, P. L. 363, provides that "after June 1, 1888, all taxes levied upon unseated lands . . . . shall be paid by the owners of such unseated lands within the year for which the same are levied, and in case of refusal . . . . to pay the taxes so levied within the year for which the same were levied and collectible, then interest . . . . on the amount of said taxes, or any part thereof remaining due and unpaid. . . ."

The act of March 13, 1815, provides that the "treas-

urers of the several counties shall be and are . . . . directed to commence, on the second Monday of June, 1816, . . . . . to make public sale of . . . . unseated lands . . . . as will pay the arrearages of taxes or any part of which shall remain due and unpaid for the space of one year."

Taxes cannot become due until they have been assessed; it is the assessment that makes the tax and when assessed they are due and payable: Laird v. Hiester, 24 Pa. 452; Heft v. Gephart, 65 Pa. 510; McDermott v. Hoffman, 70 Pa. 31.

The act of 1834 uses the word "assessed" and the act of 1887 the word "levied"; as relating to the tax as fixed and charged, these words are used interchangeably. The act of 1887 provides that all taxes levied on unseated lands shall be paid by the owners of unseated lands within the year for which the same are levied, and in case of the failure to pay the taxes so levied, within the year for which the same were levied and collectible, etc. The word "collectible" does not change the time when a tax becomes due and payable. It does not have the effect of making the tax due and payable when the duplicates were placed in the county treasurer's hands for collection. Taxes may be due and payable even in the hands of the treasurer but not collectible in the sense that collection may be enforced. For illustration, in counties where the county treasurer collects taxes on seated and unseated lands, the tax is due and payable when the duplicates are in the county treasurer's hands, and collection is only enforced when the duplicates are placed in the hands of the collectors of delinquent taxes. The word "collectible," with relation to the time when the taxes were levied and assessed and as here used, means payable. Taxes are due and payable on unseated lands when those having authority to levy or assess the taxes take the necessary action to charge the land with a fixed rate, which can easily be reduced from the assessment to dollars and cents.

These taxes could have been paid at any time after their levy and assessment, as stated in Heft v. Gephart, 65 Pa. 510. "The work of calculating and carrying out the amount or sum due on each tract was merely clerical and could be done at any time when anybody might wish to pay the tax."

In establishing a fixed time when all taxes should become due and as throwing some light on the construction of the acts of 1815 and 1887, the Act of May 21, 1913, P. L. 285, provides, "And whenever such taxes against . . . . (seated lands) shall not be paid within two years after the date of assessment thereof, such land shall be sold for unpaid taxes."

This rule is not without reason. The county commissioners place their resolutions fixing the tax levy on their minute book. A day certain is fixed and kept in a permanent record which can easily be obtained for future reference. To hold that the irregular practice of certifying the collection of taxes on unseated lands from the county commissioners' office to the county treasurer's office fixes the time when the tax becomes due, would make extremely difficult the proof of the validity of these tax sales. A county is usually divided into two or more districts and tax duplicates are certified at different times when completed; and where the collection of county taxes on both unseated and seated lands is made by the county treasurer, as is the case in one-third of the counties in the state, these books and the dates of their certification are more numerous. Sometimes the date of certification is noted in the back of the books but very frequently not. Lowrie, J., said, in Laird v. Heister, 24 Pa. 452, "The forms in which the assessments of unseated lands are made and entered, and the mode of certifying or transmitting them to the county treasurer, are matters of official practice, entirely at the discretion of the commissioners of the several counties, subject only to the condition of their being intelligible; and must be expected to be very

various:" Wells v. Smyth, 55 Pa. 159. It is not burdening the taxpayer too much to say that his taxes become due and payable from the moment of the levy and assessment. This has been the general rule of practice throughout the state, upon which taxes are adjudged as due in judicial and private sales of land, and should not be disturbed without positive statutory direction. There should be some appointed time when taxes become due and payable and on which purchasers of land at tax sales may reasonably depend for the validity of their tax title.

With reference to the road and other taxes on this unseated land, returned to the county commissioners pursuant to law, there is nothing in the special verdict to indicate that these taxes were not returned one full year prior to the sale and the presumption would be that they were so returned.

The appellants' counsel urge that the case of Breisch v. Coxe, 81 Pa. 336, controls the questions now before us. The facts are different. In Breisch v. Coxe there was an effort to pay the taxes and the proper officer, whose duty it was to give the correct information, failed in that duty. This condition does not appear in this case. The appellants made no effort whatever to pay their taxes, and, of course, the reasoning in that case could not be applied to the case at bar.

Having a valid assessment with tax rate levied and the tax due and payable more than a year and it being admitted that the sale was properly advertised and conducted by the county treasurer, and no redemption had, the tax title is therefore valid and the judgment is affirmed.