## Christ v. Fleegler et al.

*John E. McDonough*, for plaintiff; *E. Le Roy Van Roden*, for defendants.

MacDade, J., Nov. 12, 1929.—This is an action by bill of complaint, to which preliminary objections are filed.

The bill avers that one Christ Gost Christ, of Michigan, on Nov. 29, 1921, became seized and possessed of a certain lot or piece of land, situate in the City of Chester, bounded and,described as therein set forth.

That the then Treasurer of the County of Delaware, on June 9, 1924, exposed said lands to public sale at his office in Media and sold the same to one of the defendants herein, namely, Joseph Fleegler.

Thereafter, the deed for same was acknowledged in open court on June 29, 1926; the said Frank S. Wallace, Treasurer, delivered his deed to the said Joseph Fleegler, which was duly recorded in the office of the Recorder of Deeds in and for Delaware County in Deed Book 630, page 10, *eo die.*

It seems that the County Treasurer sold the land because of non-payment of county rates and levies for the year 1922, aggregating $2.51, and poor rates and levies for the same year, aggregating 59 cents. No other rates or unpaid taxes were charged against the said land.

The plaintiff further avers that:

1. The Treasurer of the County of Delaware was without legal right to sell any land in the City of Chester for non-payment of taxes.

2. That the sale, deed and conveyance of the said land by Frank S. Wallace, Treasurer of the County of Delaware, to the defendant, Joseph Fleegler, was void and without authority of law.

3. That the deed so recorded is a cloud upon his title.

4. That, although requested by plaintiff, the said defendant has neglected, failed and refused to reconvey the said land to him.

The preliminary objections [of the defendant] to the bill are:

1. He should not be required to answer the facts averred in said bill, since he has a just and complete defense to plaintiff's claim which does not require the production of evidence to sustain it, as follows:

*(a)* Plaintiff admits in his bill that the land described in paragraph No. 1 of the bill was sold by the County Treasurer of Delaware County for the non-payment of county taxes.

*(b)* Plaintiff nowhere alleges that the sale was irregular in any respect, and, therefore, defendant submits that the sale was valid and proper under the Act of June 1, 1915, P. L. 660, and the other acts pertaining to sale of lands for non-payment of county taxes.

Under the Act of March 13, 1815, § 4, 6 Sm. Laws, 299, we find in substance the following: "No alleged irregularity in the assessment, or in the process or

otherwise, shall be construed or taken to affect the title of the purchaser, but the same shall be declared to be good and legal:" Ryan v. Bruhin, 88 Pa. Superior Ct. 61; Peters v. Heasley, 10 Watts, 208; Townsen v. Wilson, 9 Pa. 270; Lee v. Jeddo Coal Co., 84 Pa. 74; Coxe v. Deringer, 78 Pa. 271.

In Peters v. Heasley, supra, it was said: "We are asked in this case to consider them all [all cases], to go back to the earliest decisions, and decide that unless the purchaser can show at the trial that every direction and requisite of the law has been punctually complied with, the purchaser has no title. The Act of 1815 was framed expressly to dispense with such proof, and it has been so repeatedly decided that after two years allowed by the act within which an owner might redeem, all proof of any more than that [1] a tax was assessed, and [2] a sale made was unnecessary, that we had a right to suppose the matter at rest."

The same effect is given by the Act of 1915 as to seated lands: Ryan v. Bruhin, 88 Pa. Superior Ct. 61.

In an action of ejectment, both parties must set forth in full their title. The plaintiff has the right to content himself with the offer of his paper title. The defendant then may show why he has a better title, by showing the tax sale proceedings: Osmer v. Sheasley, 219 Pa. 390.

The sale of real estate for the non-payment of taxes is a statutory proceeding and certain necessary steps must be taken to pass good title.

In this bill in equity, however, the plaintiff must show wherein the tax sale was irregular, to be a cloud on his title: Cuttle v. Brockway, 24 Pa. 145.

He states only that city land may not be sold, and that the sale is void and without authority of law. He does not raise the question of an irregular assessment.

His bill avers that defendant has a deed for the land subsequent to his, and alleges only one reason why it does not divest plaintiff's title: Cuttle v. Brockway, 24 Pa. 145; Iron Co. v. Fales, 55 Pa. 90; Heft v. Gephart, 65 Pa. 510.

We now come to the real question in this case, namely: Are lands in the City of Chester liable to be sold at tax sale for county taxes?

It is contended by the plaintiff that city land may not be sold for county taxes.

The Act of May 21, 1913, P. L. 285, provides: "That return of taxes assessed by the authorities of any county, poor district, borough, incorporated town or township against seated land in such county, poor district, borough, town or township shall be made whenever personal property cannot be found thereon sufficient to pay such taxes, and when the necessary requirements of the act have been complied with, the property may be sold by the county treasurer for the unpaid taxes."

This means that when the authorities of the county, &c., assess a tax on property in the county, and where the authorities of the boroughs, poor districts or townships assess a tax on property in their respective taxing jurisdiction and the taxes remain unpaid for two years, the property may be sold by the county treasurer. The act does not say that the cities in any county may make a return of city unpaid taxes, and if not paid within two years, the property assessed may be sold by the county treasurer. The property in a city, in the county, is subject to county tax, and the act provides that all assessed county tax unpaid shall be returned.

The Act of 1913 was amended by the Act of June 1, 1915, P. L. 660, which provides that returns to the commissioners of the county on or before Feb. 1st, after taxes are assessed, of taxes by any county, school district, &c., against seated land, shall be made, whenever personal property cannot be found on the

premises sufficient to pay the taxes. There can be no reason at all to construe this that a county treasurer may not sell land located in a city to collect county taxes. The several municipalities and quasi-municipalities named may return their taxes to cause property in their boundaries to be sold. A city may not return its taxes for collection, but the land in the city is liable for taxes authorized to be returned.

Other pertinent authorities on the question of the authority of the county treasurer to sell at tax sale land in the City of Chester for unpaid county taxes are Day *v.* Swanson, 236 Pa. 493; Long *v.* Phillips, 241 Pa. 246; Ryan *v.* Bruhin, 88 Pa. Superior Ct. 61; Act of 1844, P. L. 486; Act of 1901, P. L. 224-250; Act of 1903, P. L. 106; Act of 1913, P. L. 285; Act of 1915, P. L. 660; Act of 1921, P. L. 1089; Act of 1925, P. L. 735.

The county treasurer in the present cause seems to have proceeded with the sale under the Act of 1915, *supra*, and the plaintiff contends the sale is irregular for that reason, for the act, it is claimed, excepts cities of the third class, which the City of Chester is, but with this contention we do not agree, *supra*.

### Order.

And now Nov. 12, 1929, the above matter coming on to be heard by the court *in banc* upon bill of complaint and preliminary objections thereto and arguments of respective counsel, after due consideration, the court doth order, adjudge and decree that the preliminary objections be and are hereby dismissed, and the defendants are hereby ordered and directed to file their answers *sec. reg. et sec. leg.*

From William R. Toal, Media, Pa.