## Jefferson County v. Mayo

*Wilson & Wilson, Raymond E. Brown* and *Matthew A. Crawford*, for plaintiff.

*W. N. Conrad*, for defendant.

DARR, P. J., April 15, 1933.—This case comes before the court on defendant's motion to strike off a tax lien, and rule granted thereon. Ten reasons for striking off the lien are alleged, which we shall consider in their order.

"1. It is apparent from the face of the claim that defendant is not delinquent in the payment of any tax for county purposes."

The claim sets forth that "this claim is filed for delinquent and unpaid taxes for said years of 1932, 193.. and 193.. as aforesaid aggregating the sum of $31.18, with interest on $29.70 thereof from January 1, 1933 . . . . . together

with the penalty of $1.48, being 5 percent of the amount of said delinquent and unpaid taxes, for failure to pay the same as provided by law." On a motion to strike off the lien, all that is before the court is the question of the sufficiency of the lien and matters of form: Borough of Huntingdon v. Dorris, 78 Pa. Superior Ct. 469. As before noted, the claim states that the lien is filed for delinquent taxes for 1932; therefore the matter of dilenquency is not before the court; it must be raised in the affidavit of defense to the scire facias.

"2. The plaintiff does not aver any return by the tax collector that the county tax remains unpaid."

Section 10 of the Act of May 16, 1923, P. L. 207, as amended by the Act of April 16, 1929, P. L. 526, sec. 1, 53 PS § 2030, states specifically what the claim shall contain:

"1. The name of the municipality by which filed;

"2. The name of the owner of the property against which it is filed;

"3. A description of the property against which it is filed;

"4. The authority under or by virtue of which the tax was levied . . .

"5. The time for which the tax was levied . . .

"6. [Does not apply to tax claims.]

"7. [Does not apply to tax claims.]".

Signature of the solicitor for claimant.

The foregoing section sets forth specifically what must be averred in the claim, and as these liens are creatures of statute they are governed by the provisions thereof, and the courts can neither add to nor take away from their requirements. The act does not require an allegation of a return by the tax collector that the tax remains unpaid. If in fact the tax does not remain unpaid, the defendant has his remedy by affidavit of defense to the scire facias.

"3. The plaintiff does not aver any notice in writing to the tax collector that the alleged county tax shall not be returned as provided by the Act of May 29, 1931, P. L. 280."

The Act of 1931 gives an additional remedy for the collection of taxes. However, it does not take away the remedy by tax lien given by the Act of 1923 and its amendments. It provides, among other things, that:

"From and after the passage of this act, it shall be the duty of each receiver or collector of any county, city, borough, town, township, school district or poor district taxes, to make a return to the county commissioners of such taxes which are assessed and levied on seated lands, and which are unpaid, and for which no liens have been filed, not later than the first Monday of May, in the year succeeding the year in which the respective taxes were assessed and levied," etc.

This claim is filed under the Act of 1923, which is specifically saved from repeal by section 18 of the Act of 1931. The defendant takes the position that the municipal authorities must proceed under the Act of 1931 unless they notify the tax collector otherwise. However, section 21 of the Act of 1931 states that no tax collector shall make any return of taxes under that act if the taxing authorities shall notify him in writing that returns shall not be made, but that delinquent taxes are to be collected by the filing of liens in the office of the prothonotary. It would seem that a tax collector has three remedies: (1) By selling the delinquent's personal property; (2) by lien under the Act of 1923; (3) by return to the county commissioners under the Act of 1931. But if he is notified in writing by the taxing authorities that he must file liens he cannot proceed under the Act of 1931 and return the taxes to the county commissioners; otherwise he has merely the option of proceeding under the Act of 1931.

"4. The plaintiff does not aver any municipal corporate action of Jefferson County for the filing of a lien."

The act does not require averment of municipal corporate action for the filing of the lien, but "the authority under or by virtue of which the tax was levied". Paragraph 4 of the claim sets forth that the taxes were levied by the County Commissioners of Jefferson County, etc., and is therefore sufficient.

"5. The tax claim does not show a demand for payment of said alleged tax."

Section 10 of the Act of 1923 does not require an averment of demand for payment of the tax.

"6. The tax claim does not show a neglect or refusal of payment of the alleged tax."

This averment is not required by section 10 of the act. The tax claim is evidence of the amount thereof, of the same being due and owing, and of all matters set forth therein: City of Chester v. Creegan, 9 Del. 100.

"7. Under the facts set forth in the tax claim the plaintiff cannot proceed under the Act of May 16, 1923, P. L. 207."

We cannot agree with the contention of the defendant. Section 18 of the Act of 1931 saves from repeal the Act of 1923. See our treatment of this matter under our discussion of defendant's third reason for striking off.

"8. The tax claim does not set forth any reason for depriving the defendant of the advantages of the Act of May 29, 1931, P. L. 280, and subjecting him or attempting to subject him to unwarranted costs, expenses and fees, some of which are not provided for under any enactment."

The defendant has no choice as to the method employed in collecting taxes due from him to the municipality. At one time it was the law in Pennsylvania that the tax collector was bound to exhaust the personal property of the taxable before he could resort to another remedy. The Municipal Lien Act of 1923 is a merciful enactment which gives the debtor time and affords him every opportunity to defend himself against unjust claims. Section 32 thereof gives him the right of redemption within 1 year from the date of acknowledgment of the sheriff's deed, upon payment of certain sums therein specified. We see no merit in this reason for striking off the lien.

"9. Under the facts set forth in the tax claim, the defendant would not be delinquent for nonpayment of taxes until May 1, 1933."

The tax claim set forth that the defendant is delinquent and owes taxes for 1932. Taxes become due and payable from the moment of the levy and assessment: Ellis v. Houseknecht, 57 Pa. Superior Ct. 55, 57. The Act of April 15, 1834, P. L. 509, sec. 21, as amended by the Act of May 4, 1927, P. L. 712, and further amended by the Act of April 22, 1931, P. L. 42, sec. 1, provides:

"If any person, copartnership, association, or corporation shall neglect or refuse to make payment of the amount due by him or it for such tax within thirty days from the time of demand so made, it shall be the duty of the collector aforesaid to levy such amount by distress and sale of the goods and chattels of such delinquent," etc.

We do not think that it was the intention of the legislature to change the existing law as to when the taxes are due and payable or when they become delinquent, by the designation of May 1st in each year as the time when returns under the Act of 1931 must be made to the county commissioners. It is true that the Act of 1834 as amended requires 30 days' notice before the tax collector can levy upon and sell personal property of the delinquent, but no act of assembly has been cited to us by the terms of which such notice must be given before the filing of a tax lien. If for any reason the defendent was not delinquent at the time of the filing of the tax claim, he will have ample opportunity to set forth such reasons in his affidavit of defense to the scire facias.

"10. The tax claim is filed against two tracts of land."

438

Section 11 of the Act of May 16, 1923, P. L. 207, as amended by the Act of May 4, 1927, P. L. 723, 53 PS § 2031, provides among other things:

"The property described in tax claims shall include the whole property against which the tax is levied. . . ."

Section 13 of said act, 53 PS § 2033, provides:

"In all cases where a tax or municipal claim is levied on or filed against separate and distinct properties as one estate, it shall and may be lawful for the proper public authority, either before or after filing a claim therefor, to apportion the same ratably upon the separate and distinct properties so assessed together. And the court in which the claim is filed, on proof that the properties were separate and distinct at the time the tax was levied or the work was done, shall, at any stage of the proceedings, apportion the charge against such properties. When apportioned, they shall be treated and considered in all respects as if separate and distinct claims had been filed; and payment and satisfaction of any one portion may be made without prejudice to the claim as against the rest."

This tenth objection can be raised in the affidavit of defense, and if the defendant prove the facts required by the foregoing section of the act the court may apportion the charge as therein specified. The defendant has objected to the expense of this proceeding, as well as that on behalf of the poor district, school district, and township. Had the municipalities filed separate liens for each piece of property, there would be eight instead of four and the expense of prosecuting the same to judgment, etc., doubled. We cannot understand, therefore, how the defendant could seriously insist on this tenth reason.

We wish to commend claimant's counsel for the very excellent and complete brief furnished us, which aided materially in the disposition of this case.

And now, April 15, 1933, upon due and careful consideration, the motion to strike off the lien in the above-stated case is refused and the rule granted thereon is discharged, and defendant is given 15 days from this date within which to file an affidavit of defense to the scire facias issued.

From Raymond E. Brown, Brookville.