# Collins, Appellant, *v.* Lewis et al.

*Constitutional law — Setting aside statute — Appropriations — Statutes—Denominational and sectarian institutions.*

1. One who claims an act of the legislature to be unconstitutional must prove his case beyond doubt before he is in a position to ask a court to set aside the statute as unconstitutional.

2. While constitutional inhibitions cannot be avoided by a subterfuge, yet no court is at liberty to presume the existence of a

device to avoid the law, or to find it on a mere suspicion, when the fact alleged is susceptible of proof.

3. A hospital cannot be held to be a denominational and sectarian institution on the facts that it leased its real estate under an ordinary business lease from a sectarian sisterhood with which it had no affiliation, that it was named after a saint, not shown to have any denominational significance, and that a minority of its nurses wore a distinctive religious garb, while all the other evidence is negative of a connection with any religious sect or denomination.

4. An appropriation from the State does not fall within the meaning of income as that word is used in the charter of a hospital.

Argued January 30, 1923. Appeal, No. 1, May T., 1923, by plaintiff, from decree of C. P. Dauphin Co., No. 718, Equity Docket, 1922, No. 3, Commonwealth Docket, 1922, dismissing bill in equity, in case of Willis Collins v. Samuel S. Lewis, Auditor General of Pennsylvania and Saint Vincent's Hospital Association of Erie. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Bill for injunction. Before WICKERSHAM, J.
The opinion of the Supreme Court states the facts.
Bill dismissed. Plaintiff appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Luther S. Kauffman* and *F. C. Menamin,* with them *Evan B. Lewis,* for appellant.

*George Ross Hull,* special attorney for the Commonwealth, with him *George W. Woodruff,* Attorney General, for the Commonwealth.

*John S. Rilling, John B. Brooks* and *Charles H. English,* for Saint Vincent's Hospital Association, appellee.

PER CURIAM, February 19, 1923:
Plaintiff, who occupied the same position in Collins v. Kephart, 271 Pa. 428, relying on the law as ruled in

that case, filed a bill in equity to restrain the state authorities from paying to the St. Vincent's Hospital Association of Erie (named as a defendant) an appropriation made to it by the legislature, the chief ground of complaint being that the hospital is a sectarian institution. After hearing on bill and answer, plaintiff having failed to produce other proofs, the court below found the complaint had not been sustained and dismissed the bill; hence this appeal.

The chancellor concluded the corporation here involved had not been proved either sectarian in character or to be affiliated with a sectarian institution. Practically all the allegations in plaintiff's bill, relied on to establish facts to the contrary of the court's findings, are denied in defendants' answers, and the only facts of importance there admitted, which plaintiff points to as sustaining his contentions, are three: (1) that defendant corporation leases its land and buildings from a religious institution, (2) that the name of the corporation suggests a Roman Catholic saint, and (3) that some of its nurses wear the uniform of a religious order.

The court below refused to accept the above-enumerated facts as controlling, and its position concerning them may be summarized briefly thus: (1) As to the fact that the hospital association (though chartered as a nonsectarian institution) holds the real estate on which it operates under a 99-year lease (dated 1897), from a sisterhood of the Roman Catholic Church, the chancellor found there was no connection or affiliation between the lessor and lessee other than the lease itself, whose terms were in the usual business form, and that the former neither exercised, nor attempted to exercise, any control over the latter: (2) though the hospital is, apparently, named for a saint, there was no evidence to show any special denominational significance in connection with the name "Saint Vincent"; (3) while certain of the nurses wear a distinctive religious garb and belong to the Roman Catholic Church, the court found they rep-

resented a minority of the whole nursing force; further, that all nurses were employed individually and were under the exclusive direction and control of the hospital association.

It appears, from the answer, that defendant association is conducting its institution "as a purely non-sectarian hospital; that the majority of the board of incorporators, board of trustees, officials, surgical and medical staff, nurses and employees have been and now are, in their religious affiliations, identified with sects other than Roman Catholic; that the board of trustees of said institution has at all times exercised exclusive and complete supervision and control over all of the affairs thereof, and at no time has any preference been given for any denominational or sectarian purpose, nor have the rights of all or any of those connected with the institution at any time, to practice a particular form of religious worship, been in any wise interfered with or infringed upon in said hospital."

These are the facts brought before us; and the general rule applies, that one who claims an act of the legislature to be unconstitutional must prove his case beyond doubt before he is in a position to ask a court to set the statute aside as unconstitutional. While, as we said in Collins v. Kephart, constitutional inhibitions cannot be avoided by a subterfuge, yet no court is at liberty to presume the existence of a device to avoid the law, or to find it on a mere suspicion, when the fact alleged is susceptible of proof. Here, plaintiff, for reasons of his own, rested on the pleadings, without producing any other evidence; under the circumstances, we cannot say the court below erred either in its findings of fact, against appellant's contentions, or in its conclusions of law based thereon.

As to the second ground of complaint, that the appropriation exceeds the income allowed by law to the hospital association, it is sufficient to say, an appropriation

from the State does not fall within the meaning of income as that word is used in the hospital's charter.

The order appealed from is affirmed, at cost of appellant.