## Alcoholic Counseling Center

JOSEPH L. COHEN, Deputy Attorney General, and ANNE X. ALPERN, Attorney General, January 29, 1959.—This department is in receipt of your request regarding the establishment of a counseling center for alcoholics at Saint Vincent's General Hospital in the City of Erie. You wish to be advised whether, under the provisions of the Act of August 20, 1953, P. L. 1212, 50 PS §§2101-2113, your department may contract for the establishment of such a counseling center at that hospital.

Section 1 of the act reads as follows:

"The Department of Health is hereby authorized and required to establish a Division of Alcoholic Studies and Rehabilitation, hereinafter referred to as the "Division", to (1) study the problems of alcoholism, (2) treat and rehabilitate persons addicted to excessive use of alcoholic beverages, and (3) promote preventive and educational programs designed to eliminate alcoholism."

Thus, the legislature has, by investing your department with certain duties, taken cognizance of the fact that the Commonwealth has a duty to rehabilitate and treat persons afflicted by the excessive use of alcoholic beverages.

The question arises whether the proposed contract with Saint Vincent's General Hospital violates article III, sec. 18 of the Constitution of the Commonwealth, which prohibits appropriations to sectarian institutions. This section reads, in part, as follows:

"No appropriations . . . shall be made for charitable, educational or benevolent purposes, to any person or community, nor to any denominational or sectarian institution, corporation or association. . . ."

Since the proposed contract does not provide for the payment to Saint Vincent's General Hospital on a per

patient basis,[1] we are of the opinion that such a contract would violate article III, sec. 18, of the Constitution of Pennsylvania, if Saint Vincent's General Hospital were a sectarian institution.[2]

The board of trustees of the hospital is selected from community leaders representing business, industry, professions and labor, regardless of religious affiliation. At least 50 percent of the board of trustees are non-Catholic. Over three-fifths of the executive committee of the hospital are also non-Catholic. The medical staff is selected on the basis of individual training, experience and personal qualification without regard to religious affiliation. The same is true of other personnel employed at the hospital, including the nurses. Finally, the purpose of the hospital association is to furnish medical and surgical attendance and nursing for the sick and disabled without regard to their race, color or religion. Significantly, the charter provides that the hospital is to be a purely public charity, without distinction of race, color and religion.

On the basis of all of these facts, and especially in light of the case of Collins v. Lewis,[3] 276 Pa. 435 (1923), it is our opinion that Saint Vincent's Hospital Association is not a sectarian institution.

We are, therefore, of the opinion, and you are accordingly advised, that your department may legally contract with Saint Vincent's General Hospital to provide an alcoholic counseling center in the City of Erie.

---

[1] See Schade v. Allegheny County Institution District, 386 Pa. 507, 126 A. 2d 911 (1956).

[2] See cases cited in Formal Opinion No. 686, dated April 22, 1957, Direct Payments for Nursing Home Care, 11 D. & C. 2d 344.

[3] In this case the Supreme Court sustained a finding of the court below that Saint Vincent's Hospital Association was not a sectarian institution. The relevant facts governing that determination are substantially unchanged at present.