## Bratton *against* Mitchell.

A paper found in the commissioners' office, purporting to be an assessment of unseated land, is *primâ facie* evidence of an assessment sufficient to support a sale of the land for the payment of taxes.

If a tract of land be sold for the payment of the taxes of several years, and there be a sufficient assessment for any one of the years, the title will be good.

ERROR to the Common Pleas of *Mifflin* county.

This was an action of ejectment for a tract of land by George Mitchell against Charles Bratton and James Bratton. The case is sufficiently stated by the Chief Justice, who delivered the opinion of the court.

*Mr Fisher*, for plaintiff in error.
*Mr Banks* and *Mr Benedict*, for defendant in error.

The opinion of the Court was delivered by

GIBSON, C. J.—The only question in the record which is worthy of consideration is, whether the paper produced as a list of unseated lands, and containing among other things what is asserted to be an assessment of the tract in contest, is the act of the commissioners. It was found in the office, though not in the place where the lists are usually kept; but the place is of no importance, for it would never do to let the character of a document depend on the habitual method or disorder of the officer. Papers are frequently displaced by accident, or the inattention of those who have access to them. Again. The body of it is in the handwriting of an assistant employed by the clerk; and this is an additional feature of official character. Still further. An entry on the face of it shows it to have been brought to the notice of the board without any mark of rejection. The list, then, is *primâ facie* official; and what does it purport? The caption of it is, "A list of unseated land in Wayne township, 1820;" and its frame corresponds to it. These lists contain the valuation of the assessors, and it is known that they are prepared for the action of the commissioners, whose business it is to assess the tax. The columns on this particular are arranged and headed as usual, except that the sums assessed are put under a wrong head, and, under another, sums of a somewhat greater amount are scored out. There cannot be a doubt that the paper was used at least for the rough draught of an assessment, to be followed probably by a fair and permanent copy, especially as the reduced amount charged on the tract in question is exactly the amount for which it was ordered

to be sold.   The fair copy, if it was made, is not to be found among the official papers; and what is the best evidence of the course · pursued by the commissioners ?   Certainly the prints of their footsteps, still visible in the office.   What is essential to the title, is, that there should have been an actual assessment by the commissioners, whether formal or informal, right or wrong; and if the witnesses are to be believed, this paper is very sufficient evidence of it.   The cause, therefore, was well put to the jury on that point.   The treasurer's book, however, not being the work of the commissioners, affords no evidence of an assessment for the succeeding year.   Still, as there was a tax for a year actually owing, the commissioners had a right to proceed for it; and the sale is good, though they may have claimed too much. . That cannot destroy the title of the purchaser, who has nothing to do with the application of the money.   Though the book ought not to have gone to the jury, the error was without consequences, for the plaintiff was entitled without it.   The other exceptions have not been pressed.

Judgment affirmed.