# Yoho, Appellant, *v.* Allegheny County.

*Constitutional law—Soldiers' monument—Memorial building—Title of statute—Local legislation—Acts of May 22, 1895, P. L. 96, and April 3, 1903, P. L. 136.*

The Act of April 3, 1903, P. L. 136, amending the Act of May 22, 1895, P. L. 96, and reciting in its own title the title of the act of 1895, in full, gives sufficient notice of a provision contained in the amended act authorizing county commissioners in counties having a population of over 500,000 and less than 1,000,000 inhabitants to erect "a suitable memorial hall or building in memory of the soldiers and sailors of the late War of the Rebellion from such counties."

The title of an amending or supplementary act is sufficient if it declares itself to be such, and its provisions are germane to the subject of the original.

While a monument is not a building, a building may be a monument.

The Act of April 3, 1903, P. L. 136, is not a local act regulating the affairs of Allegheny county, but is pro tanto a classification of counties according to population for the purposes of authorizing the expenditure of public money in a specified way.

Argued April 30, 1907. Appeal, No. 57, Oct. T., 1907, by plaintiffs, from decree of C. P. No. 2, Allegheny Co., Jan. Term, 1907, No. 302, dismissing bill in equity in case of George D. Yoho and Henry Werries v. Allegheny County, and Charles B. Price, I. K. Campbell and James A. Clark. Before MITCHELL, C. J., FELL, MESTREZAT, POTTER and ELKIN, JJ. Affirmed.

Bill in equity for an injunction.

SHAFER, J., stated the case to be as follows:

The bill in this case is by citizens and taxpayers of the county against the county commissioners, to enjoin them from erecting a memorial hall under the provisions of the act of April 12, 1905, upon the allegations that the act is unconstitutional and void. The bill alleges that under the provisions of an Act of April 12, 1905, P. L. 140, the proceedings mentioned in that act have been taken up to, and including a vote of, the qualified electors of the county in favor of the erection of a memorial hall, and that the county commissioners are pro-

ceeding to carry out the provisions of that act by purchasing a site and engaging architects to submit plans for the same, and that they intend to levy a tax to provide for the cost of it, and that this tax will be a charge upon the plaintiffs, together with all other taxpayers of the county. The plaintiffs in this case claim that the act of 1905 above mentioned is unconstitutional and void. The respondents claim that it is valid, and they further claim that whether it is or not they are fully authorized to erect a memorial hall as a monument to the soldiers and sailors of the rebellion by the Act of May 22, 1895, P. L. 96, the bill showing that the requisites of that act have been complied with by them. To the latter claim the plaintiffs reply that a memorial hall is not a monument within the meaning of the act of 1895, to which the respondents rejoin that it is such a monument within the meaning of that act, and that in addition they have power to erect a memorial hall by the Act of April 3, 1903, P. L. 136, which provides, as an amendment to the act of 1895, that in a class of counties of which Allegheny county is one a memorial hall may be erected under that act, and to the latter part of this claim the plaintiffs allege by way of surrejoinder that the act of 1903 is also unconstitutional.

The court upheld the constitutionality of the act and dismissed the bill.

*Error assigned* was the decree of the court dismissing the bill.

*R. S. Martin*, with him *Jere Carney*, for appellants.—The Act of April 12, 1905, P. L. 140, is unconstitutional : Bennett v. Sullivan County, 29 Pa. Superior Ct. 120 ; Portuondo's Estate, 20 Pa. C. C. Rep. 209 ; Otto Twp. Road, 181 Pa. 390 ; Phoenixville Borough Road, 109 Pa. 44 ; Scranton School District's Appeal, 113 Pa. 176 ; Morrison v. Bachert, 112 Pa. 322 ; Frost v. Cherry, 122 Pa. 417 ; Perkins v. Philadelphia, 156 Pa. 554.

The cases of Society of Cincinnati's Appeal, 154 Pa. 621, and Spangler v. Gallagher, 182 Pa. 277, hold that a monument in the general use of the word is not a building.

*W. A. Stone*, of *Stone & Stone*, with him *A. B. Hay*, for

appellees.—The title of the act is sufficient: Com. v. Green, 58 Pa. 226.

The act is not local in character: Perkins v. Philadelphia, 156 Pa. 554; Morrison v. Backert, 112 Pa. 322.

OPINION BY MR. CHIEF JUSTICE MITCHELL, May 20, 1907:

As a matter of strict pleading, the demurrer setting up, inter alia, laches after notice was bad as a speaking demurrer and should have been overruled.   But as the only questions in the case are of law, there being no facts in dispute, and the subject-matter is one involving considerable expenditure of public money which should not be kept in unnecessary suspense, the court, with the acquiescence of counsel, has considered the legal question on its merits.

The decree might well be affirmed on the view of the learned judge below that the proposed building is a monument within the act of 1895.   Appellants quote Society of Cincinnati's Appeal, 154 Pa. 621, and Spangler v. Gallagher, 182 Pa. 277, as holding that a monument is not a building, but neither case holds that a building may not be a monument.   On the contrary, it is said in the former that " a monument may take the shape of a memorial hall or other building, though that is not the general sense of the word and will not be presumed."

But a clear authority to sustain the decree, free of all question of strained construction, is found in the Act of April 3, 1903, P. L. 136, which expressly authorizes the erection of a memorial hall.   That act is entitled an act to amend the act of May 22, 1895, and after reciting the first section for re-enactment, proceeds " Provided, however, that in counties having a population as computed by the United States census of the year one thousand nine hundred, of over five hundred thousand and less than one million inhabitants, said petition may pray for the erection of a memorial hall, and, if approved as above provided, the county commissioners of said county shall be authorized to acquire by purchase or by the exercise or right of eminent domain, the necessary site, and shall be authorized to erect and maintain thereon, at the county seat, a suitable memorial hall or buildings, in memory of the soldiers and sailors of the late war of the rebellion from such counties."

It is argued by appellants that this act is unconstitutional

in two respects, first, that the title gives no notice of the proviso that a memorial hall may be erected, which is the real amendment introduced; and, second, that the amendment makes it a local act regulating the affairs of Allegheny county. Neither objection is tenable. The title to an act is not required to be a complete index to its contents, and the title of an amending or supplementary act is sufficient if it declares itself to be such, and its provisions are germane to the subject of the original: In re Boro. of Pottstown, 117 Pa. 538; Philadelphia v. Ridge Ave. Pass. Ry. Co., 142 Pa. 484.

The title of the Act of May 22, 1895, P. L. 96, is " An Act authorizing the county commissioners of the several counties of this commonwealth to erect or complete and maintain a suitable monument at the county seat of each county, in memory of the soldiers and sailors of the late war." There can be no question that this act deals with a single subject and that it is clearly expressed in the title. The title of the act of 1903 is " an act to amend " the act of 1895 reciting the title in full. The subject of both acts, to wit: a monument to the soldiers and sailors of the late war, is the same, and the provisions of the later act are entirely germane for they do no more than define for certain counties what the word monument may be construed to cover. There is no serious difficulty in so construing the original act, as was done by the learned judge below, but the legislature, either thinking itself that the construction might be doubtful or that it might be the subject of challenge in the courts, put it at rest by the amending act.

It is argued by appellants that the substantial amendment is introduced under a proviso and that that is not the office of a proviso. But the objection is merely verbal and without substance. The first part of the section authorizes the county commissioners, under certain conditions, to erect a monument, and the new clause provides that in certain counties the monument may take the form of a memorial hall. Whether the addition was introduced by the words " provided, however," or the words " and further " or any similar phrase, makes no difference whatever in the meaning or the notice to the legislators passing the act or to the parties interested in and to be affected by its passage.

It is further objected that the act is unconstitutional be-

cause it is local and regulates the affairs of Allegheny county. But on this point it is only necessary to say that the act is pro tanto a classification of counties according to population for the purpose of authorizing the expenditure of public money in a specified way : Com. v. Gilligan, 195 Pa. 504; Seabolt v. Commrs. of Northumberland County, 187 Pa. 318.

The decree is affirmed.