## Summit Hill Borough.

*Constitutional law—Title of act—Supplementary statute—Acts of May 14, 1874, P. L. 159, and March 24, 1877, P. L. 47—Boroughs—Division into wards—Abolition of offices—Quo warranto.*

1. The Act of May 14, 1874, P. L. 159, relating to the manner by which courts may divide boroughs into wards, and the Act of March 24, 1877, P. L. 47, a supplement thereto, are constitutional. The title of the former is sufficient notice of its subject matter and the title of the latter, indicating that it is a supplement to the former, is valid. A title declaring an act to be a supplement to a former one is a sufficient statement of the subject matter, if the legislation therein contained is germane to the subject matter of the original act.

2. Where the Court of Quarter Sessions has abolished one ward in a borough and has divided the borough into three wards instead of the four previously existing the decree will not be reversed because it provides for the election of a full quota of ward officers. The right to an office is not the right of the incumbent to the place but of the people to the officer, and it is no constitutional objection to the action of the court that thereby some of the old borough officers will be deprived of their offices. In any event the right to office is not in issue in such appeal. The proper method to determine a contest between incumbents and aspirants to office is by quo warranto brought at the suggestion of one who lays claim to the office.

Argued March 10, 1913. Appeal, No. 218, Jan. T., 1912, by Andrew Breslin, from the judgment of the Superior Court, Oct. T., 1911, No. 209, affirming the decree of Q. S. Carbon Co., Oct. T., 1910, No. 103, rearranging wards in borough in re Division of the Borough of Sum-

mit Hill into Wards. Before FELL, C. J., BROWN, MES-
TREZAT, ELKIN and MOSCHZISKER, JJ. Affirmed.

Appeal from Superior Court. See Summit Hill Bor-
ough, 50 Pa. Superior Ct. 117.

The Superior Court filed the following opinion by
MORRISON, J.:

The petition upon which this proceeding is based, fur-
nished to us by appellant, is as follows:

"December 20, 1910, Petition of thirty-three freehold-
ers in the Borough of Summit Hill, praying the court
to re-divide the said Borough of Summit Hill into wards,
by consolidating two or more wards or parts of two or
more wards into one ward; by erecting new wards out
of parts of two or more adjoining wards, by dividing
wards already erected into two or more wards, as may
be found best to suit the convenience of the inhabitants
thereof." We start with the assumption that the leg-
islature has committed to the Courts of Quarter Ses-
sions the power to sub-divide boroughs into wards and
to alter and change the lines and numbers of such wards.
We understand that the Borough of Summit Hill was
divided into four wards prior to the presentation of the
petition in the present case and that the proceedings
carried to a final decree in the court below resulted in
abolishing one ward and subdividing the borough into
three wards.

The acts of assembly under which this proceeding was
carried on are the following: The Act of May 14, 1874,
P. L. 159, entitled "An act to prescribe the manner by
which the courts may divide boroughs into wards."
Section 1 of that act provides, "That the several courts
of Quarter Sessions shall have authority, within their
respective counties, to divide boroughs into wards, to
erect new wards out of parts of two or more adjoining
wards, to divide any ward already erected into two or
more wards, to alter the lines of any two or more ad-
joining wards so as to suit the convenience of the in-

habitants thereof, and to cause the lines or boundaries to be ascertained and established." The remaining sections of the act relate to procedure.

The other act is that of March 24, 1877, P. L. 47, entitled "A supplement to an act, entitled 'An act to prescribe the manner by which the courts may divide boroughs into wards,' approved the fourteenth day of May, Anno Domini, eighteen hundred and seventy-four." The act reads: "That the several Courts of Quarter Sessions shall have authority within their respective counties to divide boroughs into wards by erecting two or more wards of parts or two or more wards into one ward so as to suit the convenience of the inhabitants thereof."

One of the leading questions raised by the appellant's learned counsel is the constitutionality of the above cited Acts of Assembly of May 14, 1874, and March 24, 1877. We are unable to discover any merit in the contention that either of said acts is unconstitutional. The title of the Act of 1874 gives clear and sufficient notice of the subject matter of the act and this is so plain that we do not stop to cite authorities. The Act of 1877 is surely germane to the subject of the former act and its title states clearly that it is a supplement to the Act of May 14, 1874, and when the title of the Act of 1877 is read it at once refers the reader to the Act of May 14, 1874. While it cannot be said that the question of the constitutionality of or said acts, or either of them, was squarely raised decided in re Gettysburg Boro. Division, 90 Pa. 355, yet both acts were referred to and recognized as valid in the opinion of the Supreme Court. The Act of 1877 does not offend against Section 6 of Article III, of the Constitution. It is not an act to amend but is specifically a supplement to the former act and relates to the same subject: Com. v. Taylor, 159 Pa. 451. The Act of 1877 is germane to the subject of the Act of 1874 and, therefore, the former act does not offend against any constitutional provision: Washington Boro. v. McGeorge, 146 Pa. 248. "A title declaring an act to be

a supplement to a former one is a sufficient statement of the subject matter, if the legislation therein contained is germane to the subject matter of the original act": Millvale Borough v. Evergreen Ry. Co., 131 Pa. 1.

It seems quite late for the learned counsel for appellant to raise the question of the constitutionality of the Acts of 1874 and 1877. So far as we are aware these acts have not been so questioned before and they have been recognized as valid laws ever since their passage.

The legislature having committed the subject matter of this case to the Courts of Quarter Sessions, the appellate courts ought not to be astute in finding reasons for the reversal of a decree which relates to the practical government and management of a borough, where it appears that said decree was reached and made with due care and a manifest desire to subserve the interests and convenience of the inhabitants of the Borough of Summit Hill.

We have given to the very numerous exceptions and assignments of error and the argument of counsel for the appellant a careful examination and consideration and find ourselves unable to discover reversible error in the record.

We cannot see that it is necessary or profitable to consider the numerous assignments of error seriatim.

We understand the appellant's counsel to contend that there is error in the court's decree ordering an election of a full quota of ward officers and that this is in contravention of the rights of the incumbents. If there be such conflict there is nothing in this record which will enable us to determine such questions.

In a conflict between incumbents and aspirants to office the remedy is, we think, quo warranto, and such questions cannot be determined on this appeal. Again, it does not appear that appellant is laying claim to a borough office and therefore he has no standing to raise that question. If it shall be found that the decree of the court has removed borough officers and provided for

the election of others in their places, none of such officers are what is known as constitutional officers. It would seem to be impossible in this case to decree the election of councilmen in such a manner as not to interfere with the terms of those heretofore elected. In Com. v. Taylor, 159 Pa. 451, Mr. Justice MITCHELL, speaking for the Supreme Court, said: "The Act of May 14, 1874, P. L. 159, by its fourth section directed, 'the election of an equal number of councilmen and school directors in each of the wards,' etc. This contemplated a separate election by each ward. Not only is that the natural meaning of the language used, but it is what is generally to be presumed, in accordance with the universal American system that the representative shall be elected by the constituency which he is to represent and, therefore, if he is, under the law, to be a ward representative in the school board of the borough, he is, presumably, to be elected by the voters of the ward."

In Com. v. Weir, 165 Pa. 284, it was said by the Supreme Court: "It was never intended to put offices created by the legislature beyond the control and regulation of the creating power. It was not intended to ordain that an office for a term of years, once made, should not be modified, or abolished while the term remained unexpired."

In Lloyd v. Smith, 176 Pa. 213, it was said by the Supreme Court: "The right to an office is not the right of the incumbent to a place but of the people to the officer."

The proceedings in the court below having resulted in the reduction of the four wards of the borough to three wards we think it was within the power of the court to provide in the final decree for the election of new borough officers, in accordance with the subdivision of the territory of the borough and if this shall result in some of the old borough officers finding themselves without an office they are not in a position to complain, in this case.

1913.]    Opinion ot Court below—Opinion of the Court.

The argument of this case was heard by a full bench and on consultation we all agreed that the decree ought to be affirmed. The assignments of error are all dismissed and the decree is affirmed at the cost of the appellant, Andrew Breslin.

*Error assigned* was the decree of the Superior Court.

*J. O. Ulrich,* for appellant.

*Daniel W. Sitler,* for appellee.

PER CURIAM, April 21, 1913:
The decree appealed from is affirmed on the opinion of the Superior Court.