Carns, Appellant, v. Matthews.

Argued April 12, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*John A. Berkey,* for appellant. Cited: Stark v. Shupp, 112 Pa. 395; Kramer v. Slattery, 73 Pa. Superior Ct. 361; Grakelow v. Nash, 98 Pa. Superior Ct. 321.

*Joseph Levy,* for appellee. Cited: Ryan v. Bruhin, 88 Pa. Superior Ct. 61; Christ v. Fleger, 13 D. & C. 169; Mankin v. Painy, 70 Pa. Superior Ct. 558; Harrison v. Welsh, 295 Pa. 501.

OPINION BY STADTFELD, J., October 10, 1932:

This was an action of ejectment brought by John W. G. Carns against Archibald M. Matthews to recover possession of a tract of land containing thirty-one acres, situate in Jefferson Township, Somerset County. Plaintiff appeals from judgment on a directed verdict in favor of defendant. The common source of title was in Carrie and D. B. Zufall.

Upon the trial of the case, plaintiff offered in evidence his deed to the land in controversy together with the writ in ejectment with the acceptance of service endorsed thereon, and rested.

Defendant stands on a tax title, claiming to have acquired title by a deed from the treasurer of Somerset County on a sale for alleged delinquent taxes against the property for the years 1925 and 1926. If that title is valid, plaintiff cannot recover. He who claims real estate by virtue of a tax title must be able to point out a substantial compliance with all the es sential requisites provided in the statute: Osmer v. Sheasley, 219 Pa. 390, 395.

The first, second, third and fourth assignments of error may be considered together. They relate to the admission in evidence on behalf of defendant, and over the objection on behalf of plaintiff, of the tax collec-

tor's return for unpaid taxes, of the unseated land record showing taxes returned unpaid by the collector, treasurer's tax sale book, showing the sale of the property in dispute by the county treasurer to defendant, and the deed from the county treasurer to the defendant. The objections to their admission were based on the ground that they were incompetent until an assessment of the taxes by the proper authorities was shown.

In order to establish his right to the possession of the premises it was necessary to show the treasurer's authority to make the sale, and in so doing, it should have been made to appear that all conditions and prerequisites had been complied with: Stark v. Shupp, 112 Pa. 395. One of these prerequisites was the fact of the assessment of the property and the time when that was made. Nothing is shown as to when or how or by whom the assessment was made. There was also evidence of the sale of the property by the county treasurer.

"The appellant relies on the statement in the return of the collector of county tax, 'levy made May 16, 1890,' to establish the fact and time of the assessment, but we are not shown any authority to support the contention that the statement of the collector may be substituted for the evidence in the commissioners' office of the assessment and the time when it was made. The statement of the date relates to the county tax, and the presumption is that the commissioners' office contained the evidence of the action of the commissioners in making the assessment. That could only be done by official action, and the collector is not invested with the authority to establish the time of assessment by his return of uncollected taxes. The date and manner of the assessment of the borough tax is not exhibited": Kramer v. Slattery, 73 Pa. Superior Ct. 361, 364, 365; Ryan v. Bruhin, 88 Pa. Superior Ct. 61; Stark v. Shupp, 112 Pa. 395.

There being no evidence of the assessment, the ob-

jection to the admission of the evidence should have been sustained.

After the admission of the evidence referred to, over the objection of plaintiff, defendant rested. In rebuttal, plaintiff offered in evidence the minutes of the court of common pleas of Somerset County, Pennsylvania, Vol. 12 on page 244, which reads: "October 8, 1928, 187 treasurer's deeds presented in open court," for the purpose of showing that the court record does not show that the deed in suit was acknowledged in open court.

This offer was objected to and the offer overruled.

The Act of May 11, 1911, P. L. 257, provides: "In all cases of treasurer's deeds ...... the certificate of the prothonotary endorsed thereon under the seal of the court to the acknowledgment of such deed ...... shall be prima facie evidence of the fact of such acknowledgment. Provided, however, that such prima facie evidence may be rebutted by showing that such deed was not acknowledged, when the records of the court do not contain any entry of the acknowledgment of such deed ...... ."

These minutes certainly were competent, and standing alone would have been conclusive. The court below, Boose, P. J., endeavors in his opinion, to justify their exclusion, saying "the offer, the exclusion of which is complained of, was not of the entire and complete record of the court kept in the prothonotary's office, but merely a brief minute that on 'October 8, 1928, 187 treasurer's deeds presented in open court.' If this were the only record, containing no entry of the acknowledgment, it might determine the fact that such acknowledgment did not take place: Grakelow v. Nash, 98 Pa. Superior Ct. 316. However, the court must take judicial notice of its own records. The plaintiff, in offering in evidence the above minutes of the prothonotary for the purpose of showing that there was no such acknowledgment of the treasurer's deed

in open court, evidently overlooked the fact that the real record of the treasurer's deed and acknowledgments of the same are contained in the treasurer's deed book Vol. 1 of the prothonotary's office." The court, without the so-called "treasurer's deed book" being offered in evidence, nevertheless took "judicial notice" thereof. An examination of the record shows that the objection to the offer was that the deed having been admitted in evidence was the best evidence of title, and not that the minutes offered were not the complete record.

The treasurer's deed book not having been offered in evidence, did not appear in the record and was therefore not before the court: Lundberg v. Hemphill, 103 Pa. Superior Ct. 6.

The treasurer's deed book would have been competent if offered in rebuttal and would have supplied what was missing in the minutes: Central Penna. L. Co. v. Bristol, 250 Pa. 61.

The overruling of the offer of the minutes forms the basis of the fifth assignment of error and must be sustained.

The sixth assignment of error relates to the refusal of the court to submit to the jury the question of whether or not the taxes for 1925 had been paid. The only evidence on the part of the plaintiff was the testimony of D. B. Zufall and Carrie Zufall, his wife, to the effect that they had placed money in an envelope addressed to Joseph Beck, the tax collector, and mailed the same.

There was no evidence that the envelope had prepaid postage thereon. The presumption of its receipt therefore did not arise. We see no error in the ruling of the court on that point, and the assignment of error is overruled.

In view of our rulings on the assignments of error discussed, it is not necessary to review the other assignments relating to binding instructions in favor of

defendant and refusal to direct verdict in favor of plaintiff.

The first, second, third, fourth and fifth assignments of error are sustained.

Judgment reversed with a venire facias.