Carns, Appellant, v. Matthews.

Argued April 10, 1934.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*John A. Berkey,* for appellant.

*Joseph Levy,* for appellee.

Opinion by Stadtfeld, J., October 3, 1934:

This is an action of ejectment brought by the plaintiff for a tract of land situated in Jefferson Township, Somerset County, Pennsylvania, which was sold by the treasurer of Somerset County to the defendant on June 11, 1928, for delinquent taxes against the same for the years 1925 and 1926.

The case went to trial on the pleadings consisting of plaintiff's declaration and the accompanying abstract of title; the defendant's plea of not guilty and an answer in which he set forth his abstract of title alleging he had acquired title under a deed from the treasurer of Somerset County.

On the trial of the case, plaintiff put in evidence his deed for the land, the writ of ejectment with return of service thereon, and rested. The defendant put in evidence the assessment books, as kept by the office of the county commissioners of Somerset County; the minutes of the county commissioners and the minutes of the Jefferson Township school district levying the taxes alleged delinquent; the tax collector's warrant and the tax collector's return to the county commissioners showing the taxes in question unpaid; the treasurer's unseated land record; the newspaper advertisements of the treasurer's sale, including the property in question; the sheriff's return of posting notice of said sale on the premises in accordance with the Act of 1925; the treasurer's sale records; the prothonotary's record of the acknowledgment of the treasurer's deed in open court; the treasurer's deed to the defendant, and rested.

The plaintiff offered in rebuttal oral testimony that his predecessor in title had, in 1926, placed a sum of money in a stamped envelope, addressed to the tax collector, and mailed the same in payment of the taxes for 1925. The plaintiff admitted in his testimony that he had not paid the tax for 1926. The defendant

offered the testimony of the tax collector that the alleged letter was never received and that the taxes for 1925 and 1926 were, in fact, never paid.

The court, upon this record, instructed the jury to return a verdict for the defendant for the land described in the writ of ejectment and refused the plaintiff's point for binding instructions in his favor.

The plaintiff filed (1) motion for judgment n. o. v. and (2) motion for new trial. The court, in an opinion by Boose, P. J., overruled both motions and directed judgment to be entered upon the verdict. From the judgment so entered, plaintiff appealed.

The first and second assignments of error raise the question of the validity of the assessment and levy of county and school taxes for the years 1925 and 1926, urging alleged irregularities in the making of the assessments of county, school and road taxes upon the land in controversy; in the returns thereof for non-payment of taxes for the years in question; the authority of the tax collector to collect the taxes in question or make return of the land for non-payment of taxes. The third assignment of error questions the validity specifically of the school taxes for 1925 and 1926 in admitting in evidence under objection of appellant the minutes of the school board, on the ground that the same were not in compliance with the Act of 1911, P. L. 330, Section 403, in failing to show how each member of the board voted.

At the trial of the case, plaintiff appellant admitted a valid assessment of county taxes for the years 1925 and 1926, as follows: "The defendant proved a valid assessment of county taxes on the thirty-one (31) acres valued at two hundred dollars ($200) at 7 mills in 1925, or a county tax of $1.40; 1926 valuation $200 at 8 mills or a county tax of $1.60."

Appellant now claims that this admission and acceptance thereof by the court was error. We can not

dispose of this case upon any facts other than those which were proven or admitted in the court below. To do so would be manifestly unfair to the parties as well as to the lower court. Morrett v. Fire Assn. of Phila., 265 Pa. 9, 108 A. 171. Appellant endeavors to excuse the alleged error by the court and by counsel, on the theory that "everybody is presumed to know the law, save lawyers and judges." While we will not undertake to controvert this statement in so far as judges are concerned, from the elaborate brief of counsel for appellant, we would not be justified in placing him among the class of lawyers uninformed as to the law.

In support of the alleged invalidity of the assessment by the school board, appellant invokes Section 403 of the Act of 1911, P. L. 309, (24 PS p. 114, sec. 334) reading as follows: "The affirmative vote of a majority of all the members of the board of school directors in every school district in this Commonwealth duly recorded, showing how each member voted, shall be required in order to take action on the following subjects......levying and assessing taxes." The minutes of the school board offered in evidence, set forth that the "school board" met, and then follows with the names of the members present and the statement that it was "unanimously agreed" in making the assessment. It is a proper inference from the language stated, that either the entire board or a quorum was present. In addition the court is presumed to take judicial notice of the political division into school districts and the number of the members constituting the board.

It has repeatedly been held that the yeas and nays are to be recorded only when there are members voting both in the affirmative and negative. Minutes showing that the vote of the directors was unanimous substantially comply with this section: McCandless v. Summit Township School District, 55 Pa. Superior Ct. 277;

Burke v. The School District, 28 Pa. Superior Ct. 16; Tobin v. Morgan, 70 Pa. 229.

We held in Carns v. Matthews, 106 Pa. Superior Ct. 582, 162 A. 501, when the instant case was before us heretofore, quoting from Osmer v. Sheasley, 219 Pa. 390, 394, 68 A. 985: "He who claims real estate by virtue of a tax title must be able to point to a substantial compliance with all the essential requisites provided in the statutes."

Irrespective of any question as to the validity of the assessment of the school tax, with the stipulation quoted supra, it is sufficient that the assessment of any one tax was legally made, and that the tax was in arrear for the requisite period: Trexler v. Africa, 27 Pa. Superior Ct. 385; Bratton v. Mitchell, 7 W. & S. 259; McClements v. Downey, 2 Pa. Superior Ct. 443; Cornelius v. Dunn, 17 C. C. 566; Laird v. Heister, 24 Pa. 452.

The defect, if any, was completely cured by the Act of May 11, 1927, P. L. 965, Sec. 1, which provides as follows: "Whenever heretofore the school directors of any school district shall have taken any action, performed any duty or exercised any power, which by law required the affirmative vote of a majority, or greater proportion, of all the members of the board of school directors, and which by law was required to be recorded so as to show how each member of the board voted thereon—if such action or vote was actually taken, or duty performed, or power exercised by the board as required by law, the same shall be deemed and is hereby made valid and legal to all intents and purposes, notwithstanding the fact that the secretary of the school board, or the board, did not actually record on the minutes of the board the vote showing how each member voted as required by law."

If any irregularity did occur in the assessment of any of said taxes for the years in question, such ir-

regularity was cured under the Act of March 13, 1815, 6 Smith L. 299; Cuttle v. Brockway, 24 Pa. 145; Stewart v. Trevor, 56 Pa. 374; Heft v. Gephart, 65 Pa. 510; Ryan v. Bruhin, 88 Pa. Superior Ct. 61. The Act of 1815 provides: "Irregularities in tax assessments or in process, or otherwise, shall not affect the title of a purchaser at a tax sale."

Under the stipulation, supra, there admittedly being a valid levy of tax, the first, second and third assignments of error must be overruled.

In view of the stipulation referred to, the fourth and fifth assignments of error need not be discussed.

The sixth assignment of error raises the question of the sufficiency of the notice required by the Act of May 14, 1925, P. L. 735, which provides: "When the owner of the property is known to be in any other county of the Commonwealth the said notice shall be served upon him by the sheriff of said county, he being deputized for that purpose by the sheriff of the county in which the property is situate." Appellant predicates the visitation of knowledge of defendant's residence by reason of the fact that the recording of the deed to plaintiff on March 4, 1926, was legal notice of the fact that he then was a resident of Westmoreland County, and that the treasurer and sheriff were bound by such notice. Appellant relies upon the case of Finley v. Glenn, 303 Pa. 131, 154 A. 299, in support of his position. That case holds that *purchasers* are bound to notice the entire contents of previously recorded deeds. Such knowledge is visited upon purchasers and mortgagees. It has never been held that the treasurer and sheriff are required to search the records of the recorder of deeds for the residence of each and every person whose property is offered at tax sale. Furthermore the sale took place in 1928, and even if the treasurer and sheriff had searched the records they would merely have discovered the resi-

dence of appellant in 1925. Non constat that his residence was the same in 1928. The recording of deeds is notice only to those who are bound to look. As stated by the Supreme Court in Maul v. Rider, 59 Pa. 167: "It is sometimes said that the recording of a deed is constructive notice to all the world. That, it is evident, is too broad and unqualified an enumeration of the doctrine. It is constructive notice only to those who are bound to search for it." The sixth assignment of error must therefore be overruled.

The seventh and eighth assignments of error relate to the constitutionality of the Acts of May 14, 1925, P. L. 735 and May 14, 1927, P. L. 712. Appellant urges that the Act of 1925 is unconstitutional for the reason that it contains a repeal of that portion of the Act of 1913, to which it is an amendment, which required the sale of personal property on the premises for unpaid taxes, which repeal is not mentioned in the title of said act. The cases cited by appellant have no bearing on the question. It has been uniformly held that in amending and supplemental acts, if the fact that it is an amendment appears in the title, that is sufficient and the title need not state in what respects it is an amendment or enumerate the provisions where it is a matter of repeal of a prior act or portion of a prior act. In Com. v. Moir, 199 Pa. 534, 551, (49 A. 351) the Supreme Court stated: "It is enough to say ...... that the repeal of previous acts on the same general subject is always germane to the title." The repeal of a portion of the Act of 1913 by the Act of 1925, which is stated to be an amendment, was germane to the subject. See also Yoho v. Allegheny County, 218 Pa. 401, 67 A. 648; Summit Hill Boro., 50 Pa. Superior Ct. 117, affirmed in 240 Pa. 396, 87 A. 857; Com. v. Great American Indemnity Co., 312 Pa. 183, 167 A. 793. In the last case cited the Supreme Court said, at p. 195: " ...... that this constitutional

provision 'does not require the title of a statute to be an index of its contents, but presupposes a reasonably inquiring state of mind, which will follow the trail indicated by the main part of the titles into the body of the acts.' ''

The objection to the Act of May 14, 1927, P. L. 712, appears to be that it contains a provision that was not contained in the Act of 1834 of which it was an amendment. The title of the act is as follows: ''An act to amend Section 21 of the act approved the 15th day of April, 1834, Pamphlet Laws 509, entitled 'An act relating to county rates and levies and township rates and levies' permitting the filing of tax liens and the return of property for nonpayment of taxes without the necessity of levying on and selling personal goods and chattels.''

Under that title, Section 21 of the Act of 1834, is amended by adding: ''No failure to demand or to collect any taxes by distress and sale of goods and chattels or by imprisonment of the delinquent shall invalidate any return made or lien filed for non-payment of taxes or any tax sale had for the collection of such taxes or such rate or lien.'' The title of the act clearly and definitely states the manner in which the previous act was amended and definitely states what has been added. We see no merit in appellant's contention. The seventh and eighth assignments of error are overruled.

Appellant, under the ninth assignment of error, contends that a question of fact was raised in regard to the payment of taxes for 1925, plaintiff's grantor, D. B. Zufall, having testified that he had in 1926 placed $7 in money, intended for the payment of taxes for 1925, in a stamped envelope addressed to the tax collector of Jefferson Township and mailed the same, postage prepaid, at the post office. The tax collector positively testified that he did not receive this money

and that neither the 1925 nor 1926 taxes were, at any time, paid to him by anyone. In view of the admission that the 1926 taxes were not paid, there is no necessity for a discussion of the question raised by this assignment. The same is therefore overruled.

The other assignments relate to the overruling of motion for new trial and for judgment for plaintiff n. o. v.

Under the Act of June 1, 1915, P. L. 660, there is no difference as to the advertisement or sale for taxes between seated and unseated lands: Ryan v. Bruhin, supra.

As stated by our Brother KELLER, in the opinion in that case, p. 68: "The effect of a sale under the Act of 1815, as to passing a good and legal title to the purchaser of unseated lands, despite alleged irregularities in the assessment, process or otherwise, is expressly given to seated lands under the Act of 1915." Quoting in that opinion from Peters v. Heasley, 10 Watts 208, " . . . . . . it has been so repeatedly decided, that after two years allowed by the act within which an owner might redeem, all proof of any more than that a tax was assessed and a sale made was unnecessary, that we had a right to suppose the matter at rest."

We believe that the record discloses a substantial compliance with all material conditions and requisites prior to the sale, and that the sale vested in the defendant a good and legal title to the land.

The assignments of error are overruled and judgment affirmed.