## Schwartz's Appeal.

Argued April 14, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Cletus M. Lyman,* with him *William H. Gerlach,* for appellants.

*John H. Bigelow,* City Solicitor, with him *Joseph R. Sherman,* for appellee.

PER CURIAM, May 11, 1942:

At the triennial assessment for 1939, a business property owned by appellants, William J. Schwartz et al. in

the City of Hazleton, was assessed for taxation at $42,-000. This assessment was sustained by the Board of Revision of Taxes and appellant thereupon took an appeal to the common pleas, claiming that the assessment had not been determined with due regard to the fair market value of the property and that it was higher than the valuation placed upon other like real estate in the City of Hazleton. The court concluded that the assessment of $42,000 was not excessive or lacking in uniformity as respects other real estate similarly situated and, accordingly, dismissed the appeal. On the present appeal, which followed, appellants concede that, under the evidence, the assessment represents the true and actual valuation of the property, but contend that they are, nevertheless, entitled to a reduction, on the theory that the standard of valuation throughout the district was below actual value.

The city assessor, called by the city, testified that in making the triennial assessment of 1939 he adopted the same valuation of old properties as had been fixed by former assessments, which were then on the basis of 60% of actual values, but that, by reason of the falling of real estate values, what formerly represented only 60% of actual values conformed to actual values at the time of the 1939 assessments. After the testimony had been transcribed and the case fixed for argument, appellants, on the morning of the argument, asked that the case be reopened to permit them to introduce additional evidence, consisting of a copy of a financial report filed by the director of accounts and finance of the City of Hazleton with the Department of Internal Affairs, for the fiscal year 1940, pursuant to section 1811 of the Third Class City Law of 1931, P. L. 932, as amended by section 1 of the Act of July 18, 1935, P. L. 1180, containing a statement, under the heading "Tax Statement", as follows: "Rate of Assessment (Per cent of True Value), 60%." This evidence was excluded by the court, and properly so. In *McReynolds v. Longenberger*, 57 Pa.

13, where it was held error, in an action of ejectment against the holder of a tax title, to treat a treasurer's book as sufficient evidence of an assessment of taxes, the court stated (p. 28) : "The treasurer is not an assessing officer, nor is his book evidence of an assessment." See also *Bratton v. Mitchell*, 7 W. & S. 259. The finding that the assessment of $42,000 is uniform with other similar properties throughout the city, affirmed by the court en banc, not only has all the weight of a finding of fact by the court, but the rule that such a finding will not be disturbed except for manifest error applies to it with exceptional force because of the nature of the subject of inquiry : *Scott's Petition*, 231 Pa. 311.

Decree affirmed. Costs to be paid by appellant.