### De Simone v. McCray, etc.

*Brooks, Curtze & Silin,* for plaintiff.

*J. B. Held,* county solicitor, and *Byron A. Baur,* for defendant.

EVANS, J., April 21, 1942.—This matter appears before the court on a petition to strike off county taxes for the years 1934, 1935, and 1936, claimed to be void because of erroneous assessment.

The property in question was owned by A. B. Aitken until the time of his death, March 27, 1926. On March 13, 1927, the heirs conveyed the property to Helen St. John who remained the owner until the time of her death, July 22, 1937. Plaintiff subsequently became the owner of the property and at the time of purchase searched the records of the county treasurer's office to ascertain if there were any unpaid county taxes. The taxes for the year 1937, assessed in the name of Helen St. John, were paid, but the indices indicated nothing with reference to the years 1934, 1935, and 1936. Subsequently plaintiff was notified that the taxes for these years remained unpaid, and it was then discovered that the assessment was in the names of "A. B. Aiken and Helen St. John" and the address to which tax bills were sent was listed as the home of Helen St. John.

County treasurer's sale was held on December 20, 1937, and a deed was made to the county commissioners, which is now indexed in County Treasurer's Index Book C, p. 4, against "St. John, Helen, al." This book does not show when the deed was so indexed, nor does the record before us indicate anything in that respect, but we did examine the original deed to the county commissioners and find that it was acknowledged April 5,

1938, with many other deeds to properties involved at the same sale, and we therefore assume that the transfer was not indexed in the county treasurer's deed book prior to that time. The present plaintiff obtained her title in March 1938 which was therefore prior to the record in the county treasurer's deed book.

The question of law presented, therefore, is whether or not the failure to index the unpaid taxes in the name of Helen St. John is such a procedural error as to make the return and sale thereunder void as to plaintiff, a bona fide purchaser for value, who made a search of the tax records prior to purchasing the property and was unable to find the taxes in question assessed against Helen St. John alone, and properly indexed to her.

It might well be reasoned that if taxes were to be collected they should be so assessed and indexed as to properly notify an intending purchaser of their existence, but the law of Pennsylvania does not follow such reasoning. The Act of April 3, 1804, P. L. 517, 4 Sm. L. 201, sec. 5, 72 PS §6044, provides that in case of unseated lands a tax sale will vest in the purchaser or purchasers all of the estate and interest of the real owner although the land may not have been taxed or sold in the name of the real owner thereof. The theory of such law is set forth in the court decisions to be that where a tax is due it must be paid, and where an owner is anxious and willing to pay his taxes he can, by referring to the assessment books, ascertain in whose name the assessment was made, pay the taxes, and have the assessment properly made, if erroneous in any respect. The Act of June 1, 1915, P. L. 660, extends the provisions of the Act of 1804, above recited, to apply equally to seated lands: Ryan v. Bruhin, 88 Pa. Superior Ct. 61. The irregularities in tax assessment, or in process or otherwise, shall not affect the title of a purchaser at a tax sale: Carns v. Matthews, 114 Pa. Superior Ct. 528.

It is contended by plaintiff that the Act of May 9, 1929, P. L. 1684, repeals the Act of 1915 in the repeal-

ing clause reading as follows: "All other acts and parts of acts inconsistent herewith are hereby repealed." This act, followed by the Act of May 29, 1931, P. L. 280, outlines the procedure for the return of unpaid taxes and sale thereon. We do not find that the Act of 1915 is so inconsistent as to be considered repealed by this general clause. In fact, the Acts of 1929 and 1931 both provide that the unpaid tax shall be returned and the property advertised for sale in the name of the owner or reputed owner, thus indicating an intention to continue prior legislation to the effect that the tax sale is valid whether or not returned, advertised, and sold in the name of the actual owner for the years the taxes were not paid.

The General County Assessment Law of May 22, 1933, P. L. 853, provides that the recorder of deeds shall furnish a statement to the commissioners or their assessment office, showing all property transferred, and also provides that from such statement it shall be the duty of the assessor to ascertain the owners at the time of the assessment. The purpose of this act is to provide for orderly procedure and accuracy in the assessment but the act does not provide that assessments made contrary to its provision are void and of no effect. In Carns v. Matthews, supra, it was held that a recorded deed is constructive notice only to those who are bound to search for it, and among such persons is not included the treasurer.

Our conclusion from the above is that it is the intention of the law, because of the large number of properties affected, to excuse the taxing bodies from detailed accuracy with respect to assessment in the name of the actual owner of real estate, and to require only that the description of the property be sufficiently accurate that it may be positively identified; otherwise the responsibility remains upon the owner to pay his taxes and upon the purchaser of the property to make whatever investigation is necessary positively to determine whether

or not the taxes have been paid. This responsibility may involve the requirement of going to the assessment records themselves, and had this been done in the instant case it would have been discovered that the assessment was made in the name of A. B. Aiken and Helen St. John and that the tax for the years in question was unpaid, and was properly returned, and that the property had been sold by the treasurer.

And now, to wit, April 21, 1942, the rule granted October 21, 1940, on the petition to strike off taxes, is discharged and the petition is dismissed.