## Mucci v. Pittsburgh Coal Co.

Before Gibson, P. J., Carson and Cummins, JJ.

*David H. Weiner*, for claimant.

*Miller & Schmidt*, for defendant.

CARSON, J., November 4, 1946.—Defendant, Gino Mucci, was injured May 12, 1943, when the toes of his

left foot were crushed by a coal loading machine. Later, all the toes of the left foot were amputated at the distal end of the metatarsal joints. Claimant was paid compensation for total disability until January 3, 1944, when he returned to work at wages equal to, or more than he was earning at the time of the injury. Defendant filed a petition for suspension of compensation payments as of January 3, 1944. Claimant has appealed from the decision of the Workmen's Compensation Board sustaining the action of the referee in granting the suspension.

Claimant raised two questions. First, Does the loss of the toes constitute a loss of foot in the case at issue? However, this question was not argued and counsel for plaintiff having abandoned this contention, it would not seem that the court would be required to consider it. Second, Is The Pennsylvania Workmen's Compensation Act of June 21, 1939, P. L. 520, constitutional? Appellant bases his right to compensation upon his contention that the Act of 1939 amending The Workmen's Compensation Act of June 2, 1915, P. L. 736, is unconstitutional. Appellant argued that its title does not clearly give notice of the intention to repeal that provision of the Workmen's Compensation Act which had provided for compensation for the loss of toes. The Act of June 2, 1915, P. L. 736, as amended, has fixed a rate of compensation for the loss of toes. Appellant argues that title of the amending act of 1939 does not give even a hint of the intended change in the law discontinuing compensation for the loss of toes, and that, therefore, the amendatory act violates article III, sec. 3, of the Constitution. From these premises he argues that the legislature failed to comply with the constitutional mandate, and that the amending act is unconstitutional and void: Stewart et al. v. Hadley, 327 Pa. 66, 76. In determining questions of constitutionality, the courts are controlled by well-known statutory judicial

and textbook mandatory limitations. The Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 52, 46 PS §552(3), declares: "That the Legislature does not intend to violate the Constitution of the United States or of this Commonwealth." Section 73 of article V of the same act (46 PS §573) provides:

"Whenever a section or part of a law is amended, the amendment shall be construed as merging into the original law, become a part thereof, and replace the part amended and the remainder of the original law and the amendment shall be read together and viewed as one law passed at one time."

Section 51 of article IV of the same act (46 PS §551) provides:

"When the words of a law are not explicit, the intention of the Legislature may be ascertained by considering, among other matters—(1) the occasion and necessity for the law; (2) the circumstances under which it was enacted; (3) the mischief to be remedied; (4) the object to be attained; (5) the former law, if any, including other laws upon the same or similar subjects; (6) the consequences of a particular interpretation; (7) the contemporaneous legislative history; and (8) legislative and administrative interpretations of such law."

"It has been said by an eminent jurist, that when courts are called upon to pronounce the invalidity of an act of legislation, passed with all the forms and ceremonies requisite to give it the force of law, they will approach the question with great caution, examine it in every possible aspect, and ponder upon it as long as deliberation and patient attention can throw any new light upon the subject, and never declare a statute void, unless the nullity and invalidity of the act are placed, in their judgment, beyond reasonable doubt. A reasonable doubt must be solved in favor of the legislative action, and the act be sustained": 1 Cooley's Constitutional Limitations (8th ed.) 371.

The title to the Act of 1939 reads:

"To further reënact and amend the act, approved the second day of June, one thousand nine hundred and fifteen (Pamphlet Laws, seven hundred thirty-six), entitled, as amended 'An act defining the liability of an employer to pay damages for injuries received by an employe in the course of employment; establishing an elective schedule of compensation; providing procedure for the determination of liability and compensation thereunder; and prescribing penalties,' changing maximum and minimum rates, periods, total amounts and aggregate of compensation; changing the system of computation of wages for compensation purposes; changing practice and rules of evidence; defining earning power after accident; authorizing the board to terminate compensation in certain cases; changing the classes of dependents entitled to compensation in case of death; increasing powers and duties of the board; and imposing additional penalties; authorizing the department, the board and the referees to approve compromise agreements in certain cases, and generally amending, clarifying and changing the provisions of said act."

The title to the amending Act of 1939 quotes verbatim the entire title to the Act of June 2, 1915. A comparison of the Act of 1915 with the Act of 1939 reveals that each section of the Act of 1915 has been amended by the Act of 1939. It would, therefore, appear that the warning or notice in the title of the Act of 1939, that it was an act to further reënact and amend the Act of 1915, etc., meant just that, because each and every section of the former act was amended and reënacted. As to plaintiff's contention that the title of the amending act should give notice of the intention to repeal the section relative to the loss of toes, it can be argued with equal force that the title of the amending act should give notice of the particular sub-

ject matter mentioned in each and every of the numerous sections of the Act of 1915, its supplements and amendments, because each was amended and reënacted. In lieu of such particularity, the legislature gave notice of its intention to reënact and to amend the entire act. The section relevant to the instant case relating to the loss of toes was amended by striking that section from the act as reënacted.

"In determining whether an act of assembly is unconstitutional, . . . it should not be so held unless it is clearly, strongly and imperatively prohibited. 'If the act is within the scope of legislative power, it must stand, and we are bound to make it stand if it will upon any intendment . . . Nothing but a clear violation of the Constitution,—a clear usurpation of power prohibited,—will justify the judicial department in pronouncing an act of the legislative department unconstitutional and void': P. R. R. Co. v. Riblet, 66 Pa. 164, 169. Every presumption should be indulged in its favor, and one who claims an act is unconstitutional must prove his case beyond doubt: Collins v. Lewis, 276 Pa. 435, 438; Sinking Fund Cases, supra (99 U. S. 700), Mugler v. Kansas, 123 U. S. 623, 661": Busser et al. v. Snyder et al., 282 Pa. 440, 449.

"It is the duty of every judge . . . to search for a construction which will support the legislative interpretation of the Constitution, and an act can never properly be declared void unless this is found to be impossible": Commonwealth ex rel. v. Hyneman, 242 Pa. 244, 264.

A statute will be declared unconstitutional only "when it violates the Constitution clearly, palpably, plainly; and in such a manner as to leave no doubt or hesitation" in the mind of the court: Sharpless v. Mayor of Phila., 21 Pa. 147, 164. "An act of the legislature is not to be declared void, unless the violation of the Constitution is so manifest as to leave no room

for reasonable doubt": Commonwealth ex rel. O'Hara v. Smith, 4 Binney 116, 123. If the title fairly gives notice of the object of the act so as reasonably to lead into an inquiry into the body of the bill, it is all that is necessary. It has often been said that the title need not be an index of the contents. Where an act is entitled a supplement to a former act, and the subject thereof is germane to the subject of the original act, its title is sufficient: Luzerne Water Co. v. Toby Creek Water Co., 148 Pa. 568, 571. As the title is reënacted in its entirety, notice and warning is given that the entire act is being revised or altered, and this is sufficient notice to legislators, courts and the public to examine into the provisions of the act with reference to any particular subject that might come under an act so entitled: Luzerne Water Co. v. Toby Creek Water Co., supra. The Act of 1939 gives a clear and sufficient notice of the subject matter of the act and is surely germane to the subject of the former act, the entire title of which is quoted for the purpose of reënactment and amendment: Summit Hill Borough, 240 Pa. 396. As stated in Soldiers and Sailors Memorial Bridge, 308 Pa. 487, citing Carr v. Aetna A. & L. Co., 64 Pa. Superior Ct. 343, 349, section 3 of article III of the Constitution is not applicable "unless a substantive matter, entirely disconnected with the named legislation is included within the folds of the bill".

The objection of plaintiff that the title conflicts with section 3 of article III of the Constitution, is the familiar question raised in most constitutional cases. The objection that the title is defective because it does not expressly indicate the repeal of portion of the previous Workmen's Compensation Act, requires no further extended discussion because it is obvious that the title of the Act of 1939 sufficiently notifies all persons that changes are thereby made in the Workmen's Compensation Act of 1915 as a whole, and that any subject

germane to the existing laws is impressed within the title: Teachers' Tenure Act Cases, 329 Pa. 213, 232, 233. See First National Bank of Biddeford v. Pittsburgh, F. W. & C. Ry. Co., 31 F. Supp. 381; Commonwealth v. Smithgall, 45 D. & C. 1, 18, 19.

*Order*

And now, November 4, 1946, the appeal of claimant from the decision of the Workmen's Compensation Board is dismissed.